**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| LEVON WALKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:04-624-MBS-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| THE UNIVERSITY OF SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**[2]

Plaintiff is an African-American who began working for the Defendant in 1970 as

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

1



a Trades Helper in the Energy Facility Department. Plaintiff's Deposition, p. 11. Plaintiff alleges that he applied for, but was denied, positions that were instead awarded to white employees in 1981, 1989, 1990, 1993, and 2005. Plaintiff's Deposition, pp. 28-32, 35. Plaintiff also alleges that in September 1997 he took over his former supervisor's (Kenny Long) responsibilities for a period of eight (8) months after Long was transferred to another campus, but was not compensated for these additional duties, and that he has also not received a pay for performance raise since 1997. Plaintiff's Deposition, pp. 23-24, 32.

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See Plaintiff's Deposition, p. 10; Defendant's Exhibit 1. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After Plaintiff's receipt of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, pp. 10-11; Defendant's Exhibit 2; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[3]

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that

---

[3]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.

2



judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**I.**

**(Time Barred Claims)**

Defendant first argues that Plaintiff's promotion claims from 1981, 1989, 1990 and 1993, as well as his pay claim for performing his supervisor's position for approximately eight months in 1997, are time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 1. Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three



hundred (300) day period. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[4]

Based on Plaintiff's administrative charge filing date of October 5, 1999, any separate and distinct discrimination claims occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114. Here, Plaintiff testified that he failed to receive promotions he applied for prior to 1998, and that he was subjected to salary discrimination for eight months beginning in September 1997 (which would have taken this claim, at the latest, to June 1998). Plaintiff's Deposition, pp. 23-24, 28-32, 35. These claims are separate and distinct acts for purposes of a Title VII action under Williams and Morgan. Therefore, as these claims fall outside of the applicable three hundred (300) day claim period, they may not ordinarily be considered by this Court. While Plaintiff advances two arguments as to why these claims should be considered notwithstanding the three hundred (300) day time bar; hostile work

---

[4] A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation." However, under the applicable caselaw, separate and distinct acts are not considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; Morgan, 536 U.S. at 114 [holding that "salary discrimination" can be a discrete act]; cf. Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].



environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[5]

First, Plaintiff has not set forth a claim of hostile work environment in this case. Plaintiff has testified only to alleged incidents of pay disparity and of having been denied promotions. Pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit, and no evidence, exhibits, or information has been submitted to this Court to show that any hostile work environment claim was being asserted by this Plaintiff. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), (citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980)); Morgan, 536 U.S. at 117 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act

---

[5]Plaintiff also refers in his memorandum to claims of other individuals who worked for the Defendant. However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant. Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).

5



contributing to that hostile work environment takes place within the statutory time period."]; Huckabay, 142 F.3d at 239. Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period. Therefore, Plaintiff's claim relating to a hostile work environment is without merit.

As for equitable estoppel, Plaintiff argues in his brief that "since the University let this Plaintiff and others similarly situated go through a seemingly endless labyrinth of complaints with no meaningful response, the Court should apply the equitable doctrine of estoppel as outlined by the Supreme Court in [Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)]." Plaintiff's Memorandum, p. 8. However, Plaintiff has pointed to no exhibits or even argument to support this general and conclusory statement, and the Court cannot not allow Plaintiff's Title VII claim to proceed based on such an unsubstantiated statement. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

"Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less



> forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363, (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence whatsoever to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claims. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements…for gaining access to the…courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993), (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437, 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Since Plaintiff failed to file his administrative charge within three hundred (300) days of these discrimination claims, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to find that these claims are time barred, and are therefore subject to dismissal.

## II.

### (Claims that have not been Exhausted)

With respect to Plaintiff's claim that he was denied a promotion in 2005, Defendant argues that this claim is subject to dismissal for failure of the Plaintiff to exhaust his administrative



remedies with respect to this claim. The undersigned agrees. Title VII requires, as a prerequisite to suit, that a plaintiff first exhaust his administrative remedies by filing a charge of discrimination covering the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Under the applicable caselaw, a promotion claim is a separate, distinct claim requiring exhaustion of administrative remedies. Morgan, 536 U.S. at 110; see Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C. 2005) ["Morgan has, on the whole, been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court"]; Martinez v. Potter, 347 F.3d 1208, 1210-1211 (10th Cir. 2003) ["[T]he [Morgan] rule is equally applicable…to discrete claims based on incidents occurring *after* the filing of [an] EEO complaint."] (emphasis in original). Failure to comply with this requirement bars a plaintiff from pursuing a lawsuit under this statute with respect to any such unexhausted claim. United Black Fire Fighters of Norfolk, 604 F.2d at 847.

       Plaintiff's 2005 promotion claim occurred over five (5) years after the administrative charge was filed in this case, and over three (3) years after Plaintiff received his right to sue letter and filed his original lawsuit. The fact that Plaintiff had previously filed an administrative charge asserting that he had been denied promotions does not mean that he can automatically litigate a promotion claim occurring subsequent to the filing of that administrative charge, particularly when the investigation and disposition of that administrative charge had been conducted and the right to sue letter issued well before this subsequently occurring event. Romero-Ostolaza, 370 F.Supp.2d at 149; Martinez, 347 F.3d at 1210-1211. Plaintiff is also not entitled to any equitable relief with respect to this claim. See Section I, supra.



The burden of proving satisfaction of administrative requirements falls on the Plaintiff. Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995). Since exhaustion of administrative remedies is a prerequisite for filing suit under Title VII, and Plaintiff failed to exhaust his administrative remedies with respect to his 2005 promotion claim, this claim must be dismissed.

### III.

### (Potential Exhausted Pay Claim)

Because Plaintiff's claim concerning a pay for performance raise could conceivably encompass a period of time covered by Plaintiff's administrative charge, the undersigned is addressing this claim on the merits. However, even assuming consideration of this pay claim is appropriate, Plaintiff has failed to establish liability under Title VII with respect to this claim.

Since Plaintiff has no direct evidence of discrimination, he must proceed under the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).[6] The United States Supreme Court articulated a three-part analysis for reviewing discrimination cases in McDonnell Douglas. First, Plaintiff must establish a prima facie case of discrimination. Once a prima facie case

---

[6]Pursuant to recent court rulings, consideration of Plaintiff's claim under the so-called "mixed-motive" analysis is also now allowed, even though Plaintiff has presented only circumstantial, or in-direct, evidence of discrimination. Previously, consideration of a claim under the mixed-motive analysis was only proper in direct evidence cases. See Hill v. Lockheed Martin, 354 F.3d 277, 284-285 (4th Cir. 2004); Mereish v. Walker, 359 F.3d 330, 339-340 (4th Cir. 2004); *cf.* Taylor v. Virginia Union Univ., 193 F.3d 219, 232 (4th Cir. 1999) [en banc]. However, since the Defendant only discusses Plaintiff's claim under the traditional McDonnell Douglas proof scheme, and Plaintiff does not discuss this issue at all, the undersigned has only evaluated Plaintiff's claim using a McDonnell Douglas analysis. *Cf.* Kess v. Municipal Employees Credit Union of Baltimore, Inc., 319 F.Supp.2d 637, 643 & n. 11 (D.Md. 2004).

9



has been established, a rebuttable presumption is created that the employer unlawfully discriminated against the Plaintiff. Second, once this presumption has been established, the burden of production shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Third, if the employer shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that the employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the employer were really based on Plaintiff's race. McDonnell Douglas Corp., 411 U.S. at 802-805; Texas Dep't of Community Affairs, 450 U.S. at 252-256; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-235 (4th Cir. 1991). Despite these shifting burdens of production, however, Plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

In order to establish a prima facie case for race discrimination in compensation under Title VII, Plaintiff must show that (1) he is a member of a protected class; (2) he was paid less than an employee outside the class; and (3) the higher paid employee was performing a substantially similar job. Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994); Kess, 319 F.Supp.2d at 644; Gbenoba v. Montgomery County Dep't of Health & Human Servs., 209 F.Supp.2d 572, 579 (D.Md. 2002). It is undisputed that Plaintiff is a member of a protected class; however, Defendant argues that Plaintiff has failed to identify any employee outside of his protected class performing a substantially similar job who received higher pay, and has therefore failed to establish his prima facie case. The undersigned agrees. See Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 134 (4th Cir. 2002).

Defendant points out that after Plaintiff identified at his deposition seven employees



who he alleged were at a similar level or position as he was, he was asked "[w]hich of these individuals that you have named received pay for performance raises?". Plaintiff responded to this question by testifying "I can't tell you". Plaintiff's Deposition, pp. 33, 35. Plaintiff has not refuted this testimony, or provided the Court with any evidence to support his claim that he was treated differently than similarly situated employees outside of his protected class. See Bryant, 288 F.3d at 134 [in order to establish a disparate treatment compensation claim, plaintiff must present evidence to show that a similarly situated employee outside of his protected class was treated differently]; see also Spriggs v. Public Service Com'n of Maryland, 197 F.Supp.2d 388, 392 (4th Cir. 2002). Indeed, Plaintiff does not even discuss this claim in his brief.[7]

Plaintiff's own subjective belief, no matter how heartfelt, that he is being discriminated against in terms of pay when compared with white employees, without any evidentiary support, is simply not sufficient to survive summary judgment on this claim. See Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 107, n.14 (2d Cir. 1981) [An "opposing party's facts must be material and of a substantial nature, not fanciful,...conjectural, speculative, nor merely suspicions"] (internal citations and quotation marks omitted); Kulak v. City of New York, 88 F.3d 63, 71 (2nd Cir. 1996) ["conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"]; Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000) [Conjectural allegations and conclusory assertions do not suffice to

---

[7]Rule 56 does not impose upon the District Court a duty to sift through the record in search of evidence to support a litigant's arguments on summary judgment. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 115 S.Ct. 195 (1994); Malina v. Baltimore Gas & Elec., 18 F.Supp.2d 596, 604 (D.Md. 1998); Hayes v. North State Law Enforcement Officers Ass'n, 10 F.3d 207, 215 (4th Cir. 1993), cert. denied sub nom, Price v. City of Charlotte, 420 U.S. 1116 (1997).

11



establish a genuine issue of fact]; Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."]. Therefore, even assuming this claim has been properly exhausted, it is subject to dismissal on the merits.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.[8]

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 3, 2006

---

[8] Defendant also makes an argument with respect to a possible retaliation claim in its brief. However, the evidence cited by the parties does not refer to a retaliation claim, nor does Plaintiff reference or discuss a retaliation claim in his brief opposing summary judgment.

